IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No. 7:20-CR-00130-M-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| ASHLEY CAROL SHACKELFORD, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendant's pro se motion for "a reduction in sentence." DE 88 at 1. The United States did not respond. *See* Docket Entries dated November 15, 2023, to present. The court finds that Defendant has failed to present extraordinary and compelling reasons for a reduction in her sentence, and nor would a sentence reduction accord with the factors set forth in 18 U.S.C. § 3553(a). For the reasons that follow, Defendant's motion is denied.

I.      **Abbreviated Factual and Procedural History**

Defendant was charged in an Indictment with conspiring to distribute 500 grams or more of a mixture and substance containing methamphetamine and possessing with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine. DE 12 at 1-2. As part of an investigation by the Mount Olive Police Department, a confidential informant conducted several controlled purchases of methamphetamine from Defendant. DE 49 at 3-4. Additional searches of Defendant's residence and vehicles in which she was either the driver or a passenger resulted in the recovery of significant quantities of methamphetamine. *Id.* at 4-5. An individual who regularly purchased methamphetamine from Defendant also informed law enforcement that

Defendant carried a handgun when he was at her residence to purchase methamphetamine, and after her arrest Defendant acknowledged to law enforcement that she kept a handgun at her residence. *Id.*

On September 29, 2020, Defendant pleaded guilty to both counts. DE 29. On January 27, 2021, this court sentenced her to a 90-month term of imprisonment. DE 53. Prior to announcing that sentence, the court discussed each of the Section 3553(a) factors, and particularly highlighted the significant quantities of methamphetamine trafficked by Defendant, the "horribly destructive" nature of the drug, "that the offense took place with firearms," and that the sentence needed to reflect the seriousness of the offense and "avoid unwarranted sentence disparities." DE 79 at 25-28.

Defendant now moves the court for a reduction in her sentence, raising fifteen considerations for the court:

1. Defendant has served over 40% of her sentence;

2. She is a minimum security prisoner with a minimum recidivism score;

3. She has paid her fines and assessment;

4. She has employment arranged upon her release;

5. She has a home and reliable transportation;

6. There is limited halfway house space for women in eastern North Carolina;

7. Her mother is widowed, semi-retired, and suffers from certain health conditions;

8. She has completed significant programming in Bureau of Prison custody and acts as a peer mentor;

9. She should not have received a firearm enhancement at sentencing;

10. The firearm enhancement prevents her from receiving time off her sentence through the Residential Drug Abuse Program ("RDAP");

11. There is prison overcrowding;

12. Women at her prison "are not being given the Second Chance Act time [they] are by law entitled to";

13. She is a non-violent, first-time federal offender;

14. Her facility does not provide "consistant [sic] medical care," and she has asthma; and

15. Sentencing disparities related to "meth purity."

DE 88 at 1-2. Defendant adds that she has "been a model inmate," has "worked hard," and "look[s] forward to starting a new life." *Id.* at 2. As noted, the United States did not respond to Defendant's motion.

## II.     Legal Standards

Ordinarily, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). "Congress provided an exception to that general rule . . . which permits courts to reduce a sentence or permit immediate release based on 'extraordinary and compelling reasons warranting' such relief." *United States v. Centeno-Morales*, 90 F.4th 274, 278 (4th Cir. 2024) (quoting 18 U.S.C. § 3582(c)(1)(A)). Upon a defendant's motion, a district court in its discretion may reduce a defendant's term of imprisonment if: (1) the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring such motion on the defendant's behalf *or* the lapse of thirty days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier; and (2) the court finds that extraordinary and compelling reasons

3

warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i);[1] *United States v. Adamson*, 831 F. App'x 82, 83 (4th Cir. 2020) (unpublished).

In deciding to reduce a sentence, the court must consider the factors set forth in section 3553(a), to the extent applicable, and determine that a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021). "[O]n November 1, 2023, the Sentencing Commission, via Amendment 814, amended Guideline § 1B1.13(b)(1)–(6) to address compassionate release motions brought directly by a defendant and to clarify and expand the list of what may qualify as an extraordinary and compelling reason to support a sentence reduction." *United States v. Moultrie*, No. 5:17-CR-1138, 2024 WL 2847966, at *2 (D.S.C. June 4, 2024); *see also United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024) ("In May 2023, the Sentencing Commission, having finally achieved a quorum, promulgated amendments to U.S.S.G. § 1B1.13, the section that governs § 3582 and discusses the contours of 'extraordinary and compelling' reasons."). This amended Guideline contains a non-exhaustive list of circumstances that constitute extraordinary and compelling reasons for compassionate release. *See* U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)–(6) (listing terminal illness; a condition from which a defendant is not expected to recover that substantially diminishes his ability to provide self-care within the correctional-facility environment; age 65 or older; and other listed requirements or enumerated family circumstances). Because the list is non-exhaustive, "this [c]ourt has authority to consider any 'extraordinary and compelling reason' that a defendant might raise, regardless of the

---

[1] Alternative grounds for a sentence reduction, inapplicable here, are outlined in § 3582(c)(1)(A)(ii) (listing that the defendant be at least seventy years old, served at least thirty years in prison, and have a BOP determination that he is not a danger to the safety of any other person or the community).

Sentencing Commission's pronouncements." *United States v. Hall*, No. 09-CR-0520, 2024 WL 1485724, at *1 (D. Md. Apr. 5, 2024).

A court must also consider the sentencing factors set forth in Section 3553(a). 18 U.S.C. § 3582(c)(1)(A). "A movant for compassionate release bears the burden of showing why the § 3553(a) factors justify a modified sentence," *Centeno-Morales*, 90 F.4th at 279, and a court may deny a defendant's motions based on its consideration of the applicable 3553(a) factors, even if extraordinary and compelling circumstances exist, *see Kibble*, 992 F.3d at 331-32. It is "significant when the same judge who sentenced the defendant rules on the compassionate release motion," *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022) (cleaned up), because that judge is most intimately familiar with the Section 3553(a) factors for that defendant, *see United States v. Hargrove*, 30 F.4th 189, 200 (4th Cir. 2022).

**III.    Analysis**

A. Exhaustion

A defendant may not move for a reduction in sentence unless she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Defendant here has not alleged or provided any evidence that she requested that the BOP bring a motion on her behalf. *See* DE 88 at 1-2. Notwithstanding this failure, "the statute's requirement that a defendant" exhaust administrative remedies "before filing a motion in the district court is a non-jurisdictional claim-processing rule," meaning that "it may be waived or forfeited." *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). The United States did not respond to Defendant's motion, so the court deems forfeited any argument that Defendant failed to exhaust administrative remedies.

5

B. Extraordinary and Compelling Reasons

On the merits, the court finds that Defendant has failed to identify extraordinary or compelling reasons warranting a reduction in her sentence. 18 U.S.C. § 3582(c)(1)(A). First, none of the considerations raised in the motion meet the circumstances identified by the Sentencing Commission in Section 1B1.13(b). *See* U.S.S.G. § 1B1.13(b)(1)-(6). Defendant references a lack of consistent medical care at her facility *generally*, and that she has asthma, DE 88 at 2, but those contentions fall short in demonstrating that she "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," U.S.S.G. § 1B1.13(b)(1)(C). Defendant also explains that her widowed mother "suffers from open angle glaucoma" and that she could help her if released, DE 88, but a semi-retired mother is not "incapacitated," and neither does Defendant suggest she is "the only available caregiver for the parent," U.S.S.G. § 1B1.13(b)(3).

Second, several considerations Defendant raises cannot constitute extraordinary or compelling reasons because they apply to all prisoners. For example, Defendant cites "prison overcrowding," that there "is very limited halfway house space for women," and that women at her facility "are not being given the Second Chance Act time [they] are by law entitled to." DE 88 at 1-2. But these generalized grievances could be raised by anyone at her facility, and so therefore are not extraordinary or compelling. *See United States v. Bryant*, No. 3:04-CR-00047, 2024 WL 1070613, at *3 (W.D. Va. Mar. 12, 2024) (because defendant's argument that halfway houses were over capacity and unavailable to him was "a circumstance that [he] shares with all federal inmates," it was not the sort of "individualized circumstance[ ] that approach[es] extraordinary and compelling reasons for a reduction").

6

Third, Defendant raises several improper arguments that do not bear relevance to the court's inquiry when assessing a motion for compassionate release. Defendant contests a firearm enhancement she received at sentencing, *see* DE 88 at 2, but motions for compassionate release are the wrong vehicle for collateral attacks on a defendant's sentence, *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022) ("Because § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements."). Because it is linked to her improper sentencing enhancement argument, Defendant's contention related to RDAP likewise fails to constitute an extraordinary or compelling reason for a reduction in her sentence. *See* DE 88 at 2.

Other considerations raised by Defendant are not relevant to the court's analysis under Section 3582(c). For example, Defendant notes she was a "non-violent, first time federal offender," DE 88 at 2, but her limited criminal history factored into her original sentence and ultimately inured to her benefit. Her criminal history is not a basis on which to revisit and further reduce the sentence she received. And Defendant's reference to "sentencing disparities . . . pertaining to meth purity" is too vague to justify relief. DE 88 at 2.[2]

---

[2] The court has endeavored to identify the cases named by Defendant in an attempt to corroborate her contention. For example, Defendant cites "Bean v US." DE 88 at 2. The court found *United States v. Bean*, No. CR 3:18-00157, (S.D.W. Va. Apr. 5, 2023), but in that compassionate release case, the defendant had been sentenced to 36 months of imprisonment for possession with intent to distribute cocaine and cocaine base; he had not been charged with conspiracy, like Defendant here. 2023 WL 2801226, at *1. The drug quantities in Bean's case were also lower than here. *Compare id.* at *1 ("quantities"), *with* DE 12 at 1 ("five hundred (500) grams or more"); *see also* 21 U.S.C. § 841(b)(1)(A)(viii). Defendant also cited "Robinson v US." DE 88 at 2. The court identified, in a Westlaw search, at least 15 compassionate release opinions in this circuit over the last three years where the defendant's last name was Robinson. And the Defendant named "Celestine v US." DE 88 at 2. The court found *United States v. Celestine*, No. 4:95-CR-41, (E.D.N.C. Aug. 31, 2022), but there the defendant had been sentenced to life imprisonment on racketeering charges as well as a conspiracy to distribute cocaine and cocaine base. 2022 WL 3974143, at *1, *aff'd*, No. 22-7152, 2023 WL 2625606 (4th Cir. Mar. 24, 2023). The district court reduced the defendant's sentence on the drug conspiracy charge from life imprisonment to 240 months due to a change in law from the Fair Sentencing Act. *Id.* at *5. In sum, this court has been unable to locate any case that substantiates Defendant's claim that she received a disparate sentence "pertaining to meth purity." DE 88 at 2.

Defendant's remaining arguments can all be loosely grouped into the category of rehabilitation/future risk of recidivism. *See* DE 88 at 1-2 (reflecting service of approximately half her term of imprisonment, low risk of recidivism score, payment of fines and assessments, prospect of future employment, home and transportation, and completion of programming). These arguments fail to persuade the court because "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d). The court applauds Defendant for her efforts at rehabilitation, but at the same time notes that "good behavior and self-improvement are expected of federal inmates." *United States v. McKenzie*, 636 F. Supp. 3d 892, 898 (E.D. Tenn. 2022), *appeal dismissed*, No. 22-6013, 2023 WL 3476635 (6th Cir. May 2, 2023); *see also United States v. Abrams*, No. 3:11-CR-00384, 2023 WL 3397418, at *4 (W.D.N.C. May 11, 2023) (explaining that "a defendant's compliance with prison rules is a minimum expectation of incarceration, not an extraordinary circumstance"). Without diminishing Defendant's efforts during her time of incarceration, those efforts "mean[] that [s]he has met baseline expectations, not that he has done something extraordinary." *United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021). In sum, Defendant has failed to identify extraordinary or compelling reasons warranting a reduction in her sentence. 18 U.S.C. § 3582(c)(1)(A).[3]

C. Section 3553(a)

Because Defendant did not present an extraordinary and compelling reason for a sentence reduction, she is not entitled to any relief. *See* 18 U.S.C. § 3582(c)(1)(A). Even if she had, the court would still decline to reduce her sentence "after considering the factors set forth in section 3553(a)." *Id.*; *see also Kibble*, 992 F.3d at 331-32. The court re-emphasizes, as it did at

---

[3] Although the court has analyzed each consideration individually, it has also considered whether, in combination, Defendant's arguments constitute an extraordinary or compelling reason for a sentence reduction. The court finds that they do not.

8

Defendant's sentencing hearing, that the significant quantities of methamphetamine trafficked by Defendant, the "horribly destructive" nature of methamphetamine, and the fact "that the offense took place with firearms" are all factors that weight considerably against reducing Defendant's sentence. DE 79 at 25-28; 18 U.S.C. § 3553(a)(1) & (2). In other words, the passage of three years has not diminished the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate specific and general deterrence. 18 U.S.C. § 3553(a)(1) & (2). The court recognizes that Defendant's efforts at rehabilitation during her time in federal custody have positively altered the court's assessment of her personal history and characteristics. 18 U.S.C. § 3553(a)(1). The court hopes those efforts continue, and repeats its encouragement from the sentencing hearing that Defendant "spend the time incarcerated to [continue] becom[ing] the most successful person [she] can." DE 79 at 26. On balance, though, the court finds that Defendant's sentence remains sufficient but not greater than necessary to comply with the goals of sentencing. Defendant's motion for a reduction in sentence [DE 88] is denied. In light of this disposition, Defendant's motion for appointment of counsel "to help [her] fight to get the 2 point gun enhancement removed" [DE 95] is denied as moot.

SO ORDERED this __14th__ day of June, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

9