IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:20-CR-00130-M-2

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | ORDER |
| ASHLEY CAROL SHACKELFORD, | |
| Defendant. | |

This matter comes before the court on Defendant's Motions for Home Confinement [DE 102; DE 103]. The United States filed a response in opposition to Defendant's motions. DE 108. For the reasons that follow, Defendant's motions are denied without prejudice.

I. **Factual and Procedural History**

In 2021, this court sentenced Defendant to 90 months of imprisonment following her guilty plea to one count of conspiring to distribute 500 grams or more of a mixture and substance containing methamphetamine and one count of possessing with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine. DE 62 at 3-4. Defendant is currently designated to the Federal Prison Camp in Alderson, West Virginia, and her anticipated release date is June 24, 2026. DE 103-2 at 2. Defendant previously filed a motion for compassionate release predicated in part on the lack of bed space in halfway houses. DE 88 at 1. The court denied that motion, concluding that Defendant's argument regarding bed space at halfway houses was the sort of generalized grievance that was common to many prisoners, and therefore was not an extraordinary and compelling reason for a sentence reduction. DE 96 at 6.

Defendant did not appeal the court's order denying her motion for compassionate release, and instead filed the instant pro se motions for home confinement several months later. DE 102; DE 103. In those motions,[1] Defendant argues that she should be placed in home confinement in lieu of placement at a halfway house because the Bureau of Prisons ("BOP") delayed her release to a halfway house from November 25, 2024 to October 30, 2025 due to lack of available bed space. DE 103 at 2.

Pursuant to this court's order, the United States filed a response to Defendant's motions. DE 108. Therein, the United States argues that the appropriate vehicle through which to challenge the BOP's determination of where a prisoner is to serve her sentence is a petition brought under 28 U.S.C. § 2241, which "can only be maintained in the district where there is in personam jurisdiction over the immediate custodian of the petitioner." DE 108 at 2-3. The United States also opposes the merits of Defendant's motion, arguing that even if this court had jurisdiction to hear her argument, it should not grant Defendant any relief. DE 108 at 4-7.

**II. Discussion**

a. Defendant's motion was not properly brought as a habeas petition under Section 2241.

Where a defendant seeks to modify the terms or conditions of her imprisonment but does not challenge the legality of their conviction or sentence, the defendant must bring a habeas petition under 28 U.S.C. § 2241. *See Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000) ("Requests for sentence credit, or for recalculation of time yet to serve . . . [m]ust be presented to the Attorney General (or her delegate, the Bureau of Prisons), and adverse decisions may be reviewed by any action under 28 U.S.C. § 2241[.]"); *see also Jacobs v. United States*, No. 7:13-CR-10-3, 2016 WL 868196, at *2 (E.D.N.C. Mar. 7, 2016) (citing *Romandine* and denying without

---

[1] The motions are substantively identical; the only difference is the configuration of exhibits attached to them.

prejudice prisoner's motion for jail credit where prisoner failed to file Section 2241 petition), *appeal dismissed*, 668 F. App'x 64 (4th Cir. 2016); *Reno v. Koray*, 515 U.S. 50, 53 (1995) (recounting that, after prisoner "requested the Bureau of Prisons . . . to credit toward his sentence of imprisonment" time served at "community treatment center" and such request was "refused," prisoner "filed a petition for habeas corpus").

Under Section 2241, district courts may grant habeas relief only "within their respective jurisdictions." 28 U.S.C. § 2241(a). Thus, the district of confinement, rather than the district of conviction and sentencing, has jurisdiction to hear habeas petitions brought under Section 2241. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that, for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

Defendant's motions do not raise a collateral attack to her conviction or sentence. Rather, the motions seek modification of the terms and conditions of her imprisonment; Defendant requests to serve the remainder of her term of imprisonment through home confinement due to lack of bed space at a halfway house. *See* DE 103 at 1-3. Therefore, her claim should have been brought as a Section 2241 habeas petition. *See Romandine*, 206 F.3d at 736; *Jacobs*, 2016 WL 868196, at *2. Further, the only district with the jurisdiction to hear a Section 2241 habeas petition brought by Defendant is the district of her confinement. *See Rumsfeld*, 542 U.S. at 443. Because Defendant is serving her term of imprisonment at Alderson FPC in Alderson, West Virginia, the district of her confinement is the Southern District of West Virginia. DE 103-2 at 2; DE 108 at 3.[2]

---

[2] Because Defendant did not bring a Section 2241 Petition in her district of confinement, her reference to "*Woodley v. Warden*" is inapposite. DE 103 at 1; *see also Woodley v. Warden, USP Leavenworth*, No. 24-3053, 2024 WL 2260904 (D. Kan. May 15, 2024) (addressing a "a *pro se* petition for habeas corpus under 28 U.S.C. § 2241") (italics in original).

3

b. <u>Defendant's motion does not provide any basis for a reduction to her sentence.</u>

Even if the court were to liberally construe Defendant's motions as arising under 18 U.S.C. § 3582, her request does not provide an "extraordinary and compelling reason warrant[ing]" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Documents filed pro se are to be liberally construed and must be held to less stringent standards than those filed by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under the most charitable reading of her motions for home confinement, Defendant contends that she is entitled to relief from this court because the eleven-month delay between her initial date of release into a halfway house and her new date of release constitutes an extraordinary and compelling reason that warrants a reduction in her sentence. 18 U.S.C. § 3582(c)(1)(A).

There is a two-step analysis for determining whether extraordinary and compelling reasons for a reduced sentence exist under 18 U.S.C. § 3582(c)(1)(A). First, a court must determine that a defendant is eligible for a sentence reduction by "finding only that such a reduction is warranted by extraordinary and compelling reasons." *United States v. Hargrove*, 30 F.4th 189, 194-95 (4th Cir. 2022). Second, a court must decide whether to exercise its discretion to reduce the defendant's term of imprisonment by considering the § 3553(a) sentencing factors to the extent that they are applicable. *Id.* at 195.

At the outset, Defendant's request is a poor fit for the compassionate release statute because she does not request that the court "*reduce* [her] term of imprisonment." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). Rather, she requests a court order transferring her to home confinement, where she would complete the remainder of her sentence. *See* DE 103 at 1-3. This request runs into a glaring obstacle: "a district court" is responsible for "sentenc[ing] a federal offender," but after that point, "the Attorney General, through the BOP, has the responsibility for administering the

4

sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). Thus, the BOP has authority to grant Defendant's request. This court does not. *See United States v. Clark*, No. 5:18-CR-466-1, 2020 WL 7360687, at *1 (E.D.N.C. Dec. 15, 2020) (emphasizing that sentencing court "lacks authority . . . to determine [a] defendant's place of imprisonment," including request "for home confinement").

Even putting aside the *Wilson* problem, Defendant's motions do not advance past the first step in the compassionate release analysis because they do not identify an extraordinary or compelling reason that would warrant a reduction in Defendant's sentence within the meaning of 18 U.S.C. § 3582(c)(1)(A). Defendant's argument, construed liberally, is that the "deni[al] [of] all Second Chance Act time due to lack of bed space" and "a [new] release to halfway house date of 10-30-25" constitutes an extraordinary and compelling reason for this court to grant her compassionate release in the form of home confinement. *See* DE 103 at 2. However, accepting as true that Defendant "was not transferred to a [halfway house] because of inadequate bed space, this would not constitute an extraordinary and compelling ground for compassionate release" because the United States Sentencing Commission's "Policy Statement does not include the BOP's failure to place a defendant in a halfway house as an extraordinary and compelling circumstance." *United States v. Horton*, No. 11-CR-547, 2025 WL 240999, at *11 (D. Md. Jan. 17, 2025) (citing U.S.S.G. § 1B1.13).

Moreover, this court has already reached the same conclusion when considering an earlier motion filed by Defendant. *See* DE 98 at 6 (holding that "limited halfway house space" was the sort of "generalized grievance [that] could be raised by anyone at her facility," and therefore was "not extraordinary or compelling") (citing *United States v. Bryant*, No. 3:04-CR-00047, 2024 WL 1070613, at *3 (W.D. Va. Mar. 12, 2024)). Many other courts have reached the same conclusion.

5

*E.g.*, *United States v. Orton*, No. 1:12-CR-00117, 2023 WL 8812557, at *4 (D. Me. Dec. 20, 2023) ("The practical constraints on the availability of residential reentry center beds do not meet the 'extraordinary and compelling reasons' standard of § 3582(c)(1)(A)."); *Horton*, 2025 WL 240999, at *11 (collecting cases). Defendant has not shown entitlement to relief under the compassionate release statute.

### III. Conclusion

Defendant's request should have been brought as a petition for habeas corpus under 28 U.S.C. § 2241. This court lacks jurisdiction to entertain such a petition because it is not located in her district of confinement. And Defendant's request does not otherwise identify an extraordinary and compelling reason to reduce her sentence. For those reasons, Defendant's motions [DE 102; DE 103] are DENIED WITHOUT PREJUDICE.

SO ORDERED this 27th day of June, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE